UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT MICHAEL McHALE,

        Petitioner,        2:11-cv-00517-SU

          v.            FINDINGS AND
                          RECOMMENDATION
MARK NOOTH,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to a judgment from the Multnomah County Circuit Court, after convictions for Sexual Abuse in the First Degree and Sodomy in the First Degree.[1] Exhibit 101. Following a no contest plea, the trial court imposed a

---

[1] Petitioner is also in ODOC custody for multiple sex offense convictions in Lincoln County. However, those convictions are not challenged in this proceeding.

1 - FINDINGS AND RECOMMENDATION

stipulated sentence of 120 months.

Petitioner did not directly appeal his convictions. Petitioner filed a petition for post-conviction relief which was appealed and ultimately denied. Exhibits 135 - 139.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging four grounds for relief. Petition (#2), p. 6-9. Respondent argues "Grounds One through Three were not fairly presented to Oregon's appellate courts and are now procedurally defaulted," and that "Ground Four, regarding the post-conviction (PCR) trial court's allegedly erroneous denial of petitioner's request for a continuance, provides no cognizable basis for federal habeas relief." Response to Petition (#45), p. 1-2.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has

2 - FINDINGS AND RECOMMENDATION

failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 848, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000), <u>Coleman</u>, 501 U.S. at 750; <u>see also</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement

3 - FINDINGS AND RECOMMENDATION

requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In Grounds One through Three, petitioner alleges claims of ineffective assistance of trial counsel. Petitioner alleged those claims in his PCR trial. Exhibit 106. However, on PCR appeal, petitioner did not advance any of the ineffective assistance of trial counsel claims alleged in Grounds One through Three. Rather, he alleged only a single claim regarding the PCR trial court's denial of his request for a continuance. Exhibit 135.

Because petitioner did not fairly present the claims alleged in Grounds One through Three to Oregon's highest court, and the time for presenting new claims is past,[2] the claims are procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

---

[2] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. *See also*, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

4 - FINDINGS AND RECOMMENDATION

Although a great deal of petitioner's Brief in Support (#74) is devoted to discussing the merits of his underlying ineffective assistance of trial counsel claims, petitioner concedes that his claims in Grounds One through Three are procedurally defaulted. Petitioner argues however, that his "appointed state [post-conviction] appellate counsel's misconduct went beyond negligence and was effectively an abandonment of counsel's role excusing any default under *Maples v. Thomas*, 132 S.Ct. 912 (2012)." Brief in Support (#74) p. 2.

I find that the facts of this case are readily distinguishable from those of *Maples*. In *Maples,* the petitioner's attorney left their firm and left petitioner without "without any functioning attorney of record." *Maples*, 132 S.Ct. at 927. Under these circumstances the Supreme Curt held that the petitioner had shown "ample cause" * * * to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning." *Id*.

In this case, petitioner's post-conviction counsel, Andrew Chilton, did not cease to represent petitioner. Mr. Chilton prepared an appellate brief on petitioner's behalf, arguing that the post-conviction trial court erred in denying petitioner's request for a continuance, Exhibit 135. After

5 - FINDINGS AND RECOMMENDATION

the Oregon Court of Appeals affirmed the PCR court judgment without opinion, Mr. Chilton petitioned the Oregon Supreme Court for review, Exhibit 137.

Even if Mr. Chilton's decision not to advance petitioner's claims that his trial counsel was ineffective with respect to her advice on petitioner's guilty pleas could be construed as negligent, it "falls short of a claim of abandonment." *See*, Pinnell v. Belleque, 2012 WL 6649229 (d. Or. Dec. 20, 2012) (*citing* Towery v. Ryan, 673 F.3d 933, 934 (9th Cir.), *cert den.*, 132 S.Ct. 1738 (2012)).

To the extent petitioner relies on Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013) for the proposition that the procedural default exception created in Martinez v. Ryan, 132 S.Ct. 1309 (2012) may apply to defaults caused by post-conviction appellate counsel, his reliance is misplaced. For one, *Nguyen* conflicts with other Ninth Circuit decisions, as well as opinions from other circuit courts of appeals. *See*, McKinny v. Ryan, 730 F.3d 903, 913 (9th Cir. 2013). ("The Supreme Court made clear that the [*Martinez*] exception applies only where the underlying constitutional claim is ineffective assistance of trial counsel"); Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012) (*Martinez* exception does not apply to claims of deficient performance of appellate counsel); Hodges v. Colson, 272 F.3d 517, 531 (6th Cir. 2013) [same].

6 - FINDINGS AND RECOMMENDATION

Moreover, in *Martinez* the Supreme Court made clear that while attorney errors in initial-review collateral proceedings may provide cause to review defaulted claims of ineffective assistance of counsel, that holding "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S.Ct. at 1320.

Petitioner alleges in Ground Four that the PCR court "erred by denying [petitioner's] request for a continuance." Petition (#2), p. 9.   Petitioner has not presented any evidence or argument in support of his claims in Ground Four. Therefore petitioner's claim alleged in Ground Four is properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief], and Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that habeas petitioner bears the burden of poof).

Moreover, a procedural error purportedly committed by the PCR trial court does not provide a basis for federal habeas corpus relief. *See*, Cooper v. Neven, 641 F.3d 322, 331-332 (9th

7 - FINDINGS AND RECOMMENDATION

Cir. 2011) (*citing* Franzen v. Brinkman, 877 F.2d 26, (9th Cir. 1989) (*per curiam*)); McLain v. Blackletter, 2011 WL 4478483 (D. Or. Sept. 26, 2011); Williams v. Belleque, 2009 WL 165780, *2 (D. Or. June 3, 2009). Therefore, petitioner's claim in Ground Four should be denied.

Petitioner's request for an evidentiary hearing on the issue of counsel's alleged "abandonment" of petitioner, Brief in Support (#74) p. 2, should be denied because petitioner has not identified what he intends to prove through an evidentiary hearing or expansion of the record through discovery. *See*, Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002).

In addition, I find that the existing state-court record is sufficient to resolve the issue of the sufficiency of post-conviction appellate counsel's performance. *See*, e.g., Wood v. Ryan, 693 F.3d 1104, 1123 (9th Cir. 2012)

Based on all of the foregoing, petitioner's Petition (#2) should be denied.  The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have

8 - FINDINGS AND RECOMMENDATION

fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>*See*</u>*, 28 U.S.C. § 2253(c)(2).*

DATED this 18th day of December, 2014.

        /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION